**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0147-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CLINT WALKER,

    Defendant-Appellant.

_____

Submitted April 27, 2020 – Decided July 23, 2020

Before Judges Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 03-04-1194 and 03-04-1196.

Joseph E. Krakora, Public Defender, attorney for appellant (Michele A. Adubato, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Caroline C. Galda, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Clint Walker appeals from the denial, without an evidentiary hearing, of his second petition for post-conviction relief. Walker collaterally challenges his 2004 conviction of first-degree robbery, N.J.S.A. 2C:15-1, and multiple second- and third-degree weapons offenses, N.J.S.A. 2C:39-3(b), -4(a), -5(c)(1), and -7(b). The court imposed an extended term of fifty years, subject to the No Early Release Act, N.J.S.A. 2C:43-7(c). Walker had six prior robbery convictions, four in the first degree.

As the petition is untimely, we affirm.

We assume the reader's familiarity with the facts underlying the charges, which we reviewed in Walker's direct appeal, State v. Walker, No. A-1052-04 (App. Div. May 25, 2006) (Walker I), and in our opinion affirming the denial of his first PCR petition, State v. Walker, No. A-0079-08 (App. Div. July 12, 2010) (Walker II). Suffice it to say that the charges arose out of the morning robbery of a sixty-nine-year-old man at a supermarket parking lot. The key issue at trial was identification. The victim identified defendant from a photo array, but confused Walker and his co-defendant when he identified them in court. In summation, Walker's trial counsel highlighted differences between the victim's description of his attackers and Walker's appearance.

2

Walker's pro se second petition presented fourteen grounds for relief, which counsel supplemented in an amended petition that presented six grounds for relief.[1]  In a written decision, the trial court found that the petition was untimely under Rule 3:22-12; raised issues that were barred by Rule 3:22-4; and his claim that he was uninformed of a plea offer was based on bald, conclusory allegations.

On appeal, Walker has narrowed his arguments to the following points:

> POINT I
>
> THE CLAIMS IN DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WERE NOT PROCEDURALLY BARRED.
>
> POINT II
>
> THE POST CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL.
>
> A. FAILURE TO INFORM DEFENDANT OF PLEA OFFER.

---

[1]  For the sake of the record, we present these points in an appendix at the end of this opinion.  However, "[a]n issue not briefed on appeal is deemed waived." Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011).

A-0147-18T2

B. OTHER CLAIMS OF INEFFECTIVENESS OF COUNSEL.

C. FAILURE OF PCR COURT TO CONDUCT AN EVIDENTIARY HEARING.

Walker contends, as a procedural matter, the petition was not untimely and the court should have held an evidentiary hearing. Substantively, he contends his trial counsel was ineffective by: not informing inform Walker of a plea offer of a forty-year term with a twenty-year parole bar that he would have accepted; failing to object to the State's identification procedure; failing to request that the jury view defendant up close during trial; and failing to request that his prior robbery convictions be sanitized in the bifurcated trial of the certain persons offense.

We review de novo the PCR court's legal conclusions, and its factual inferences from the record, as the trial court did not hold an evidentiary hearing. State v. Harris, 181 N.J. 391, 415 (2004). We focus on the PCR Rule's time limitations.

Under Rule 3:22-12(a)(2), a second or subsequent PCR petition must be filed within one year of the date on which a new constitutional right is recognized by the courts, "the date on which the factual predicate for the relief sought was discovered," or "the date of the denial of the first or subsequent

4

application for [PCR] where ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR] is being alleged." Failure to comply requires dismissal. <u>Rule</u> 3:22-4(b) states that a "second or subsequent petition for post-conviction relief <u>shall be dismissed</u> unless . . . it is timely under <u>R.</u> 3:22-12(a)(2); and" "it alleges on its face" one of the three criteria under <u>Rule</u> 3:12-12(a)(2) – that is, the petition "relies on a new rule of constitutional law . . . that was unavailable during the pendency of any prior proceedings[,]" "the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence," or the "petition alleges a prima facie case of ineffective assistance of counsel" of prior PCR counsel.

Defendant does not rely on a new constitutional right, nor does he expressly assert ineffective assistance of prior PCR counsel. Rather he focuses on the alleged ineffectiveness of trial counsel. A second petition grounded in such a claim must rely on facts that could not have been discovered more than a year prior to the second petition's filing.

However, Walker relies on facts known to him for many years before he filed his second petition. He admits in his certification that he first learned of

the alleged forty-year plea offer before Walker I was decided in 2006.[2] He contends he brought this to the attention of his first PCR attorney and first PCR appellate attorney, and they both informed him – really, misinformed him – that the issue was not cognizable in a PCR proceeding, because it pertained to sentencing. However, even if the failure to disclose the plea offer is viewed as a claim of ineffectiveness of PCR or PCR appellate counsel, Walker was obliged to raise that claim within one year after his first PCR was denied in 2008, in the case of PCR counsel's ineffectiveness, or one year after his PCR appeal was denied in 2010.

Walker was also aware, during trial, that his trial counsel failed to request that the jury view him up close, to highlight differences between his current physical appearance and the victim's description of his assailants. Likewise, Walker was aware, before the trial of the certain persons charge, that his prior robbery convictions would not be sanitized. Walker has presented no compelling explanation as to why these alleged oversights of trial counsel could

---

[2] His trial counsel mentioned the plea offer in a 2004 letter to the Ethics Committee, in response to a complaint Walker filed. Walker certified he "obtained a copy of this letter . . . shortly after my original appellate attorney (direct appeal) sent me a letter that I should call him regarding the brief that he was about to submit on my behalf."

not have been discovered, with the exercise of reasonable diligence, sooner than a year before he filed his second petition in 2017.

Walker contends that his tardiness resulted from excusable neglect. First, the contention is unsupported by competent evidence. Second, under the plain language of Rule 3:22-12, the "excusable neglect" standard applies only to first petitions for PCR filed beyond the five-year deadline. A petitioner may file an otherwise untimely first petition by showing "excusable neglect" and a reasonable probability that a "fundamental injustice" would result from enforcing the time bar "if the defendant's factual assertions were found to be true." R. 3:22-12(a)(1)(A). The Rule does not similarly relax the one-year deadline for filing a second or subsequent petition. See R. 3:22-12(b) (stating "[t]hese time limitations shall not be relaxed, except as provided herein").

The remainder of Walker's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

Walker presented the following points in his pro se second petition:

> (1) PCR counsel was ineffective by failing to notify the defendant and the court of his affiliated with trial counsel. (sic)

> (2) PCR counsel was ineffective by failing to investigate and obtain evidence (As requested by petitioner) which were material to the defendant's PCR argument.

> (3) Trial counsel was ineffective by failing to have the defendant's photo submitted into evidence, as co-defendant's counsel did which created an unfair decision by the jury.

> (4) Trial counsel was ineffective by failing to challenge the trial court jury instruction, which directed the jury to find the defendant guilty of being the actor instead of a participant as the record reflects. PCR counsel was ineffective for failing to raise the same.

> (5) Trial counsel was ineffective by failing to subpoena the victim to be voir dired at the pre-trial Wade hearing to determine the reliability of the identification procedure. Appellate counsel was ineffective for failing to raise the same on direct appeal.

> (6) Trial counsel was ineffective by failing to request a lesser included offense instruction.

> (7) Trial counsel was ineffective by failing to request a model jury instruction, due to the inconsistent testimony of the victim's identification of the defendant.

(8) Appellant counsel was ineffective by failing to raise that the trial court erred by denying the trial counsel's request to be relieved (Pre-trial), due to trial counsel recognizing that a conflict of interest had developed which caused counsel from performing his sixth amendment duties.

(9) Trial counsel was ineffective by failing to investigate and present material evidence as requested. PCR counsel was ineffective by failing to raise the same on PCR.

(10) Trial counsel was ineffective by failing to challenge the first degree robbery conviction at sentencing. Appellate counsel and PCR counsel was ineffective for failing to raise the same.

(11) Trial counsel was ineffective by failing to challenge the state's application for a mandatory extended term be imposed. Appellate counsel was ineffective for failing to raise the same.

(12) Appellate counsel was ineffective by failing to raise that the trial court erred in its determination that the imposition of the extended term sentence was mandatory.

(13) Trial counsel was ineffective by failing to request a judgment of acquittal at the end of the trial, due to the evidence notwithstanding the verdict. Appellate counsel was ineffective by failing to raise the same.

(14) Trial counsel was ineffective by failing to challenge the state's request that the Graves Act be imposed, when the record reflected that the defendant was the alleged participant.

A-0147-18T2

Through appointed counsel, the following additional points were presented to the trial court:

> I.      Petitioner was denied the effective assistance of counsel constitutionally guaranteed to him pretrial, at trial, and on appeal, necessitating granting his petition for post-conviction relief. U.S. Const. Amends. VI, XIX; N.J. Const. Art. I, Par. 10.
>
>> i.      Post-Conviction Relief Law Applies to trial and appellate counsel.
>
> A.      Trial counsel's failure to advise the petitioner of the State's Plea Offer of 40 years with a 20-year minimum resulted in ineffective assistance of counsel.
>
> B.      Trial counsel's failure to request that the Petitioner's prior convictions be sanitized at the second trial (certain persons) resulted in ineffective assistance of counsel.
>
> C.      The instant in-court recounting of the initial alleged photo identifications by first showing the identifier his signature on the photos resulted in an impermissible directed in-court identification that should have been objected to by to by (sic) trial counsel and also raised on appeal and constituted ineffective assistance of counsel.
>
> D.      Trial counsel's failure to have the jury view the petitioner close-up resulted in ineffective assistance of counsel.
>
> E.      Post-conviction relief "general time limitations" rules should be extended in this matter.

A-0147-18T2

F.   The petitioner incorporates and relies on all favorable issues and arguments raised in his <u>pro se</u> Post-Conviction Relief Petitioner and related documents.